| Fill in this information to identify your case: | | |
|---|---|---|
| Debtor 1 | David Michael Allen | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | Julie Mckinney Allen | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | DISTRICT OF SOUTH CAROLINA | |
| Case number: (If known) | 21-02998-JW | |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☑ Pre-confirmation modification
☐ Post-confirmation modification
Sections 2.1, 4.4, 8.1

District of South Carolina
## Chapter 13 Plan

5/19

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

### Part 2: Plan Payments and Length of Plan

2.1     The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

$975.00 per **Month** for **3** months
$985.00 per **Month** for **54** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

| Debtor | **David Michael Allen** | Case number | |
|---|---|---|---|
| | **Julie Mckinney Allen** | | |

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2    Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:  Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1    Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☑ **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2    Request for valuation of security and modification of undersecured claims.** *Check one.*

- ☐ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

- ☑ The debtor requests that the Court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor states that the value of the secured claim should be as set out in the column headed *Estimated amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the Court after motion or claims objection filed after the governmental unit files its proof of claim or after the time for filing one has expired, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

    The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5.1 of this plan. If the estimated amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5.1 of this plan. Unless otherwise ordered by the Court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

| Debtor | David Michael Allen | Case number |
|---|---|---|
| | Julie Mckinney Allen | |

Unless 11 U.S.C. § 1325(a)(5)(A) or (C) applies, holders of secured claims shall retain liens to the extent provided by section 1325(a)(5)(B)(i). Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall release its liens at the earliest of the time required by applicable state law, order of this Court, or thirty (30) days from the entry of the discharge.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Estimated amount of secured claim | Interest rate | Estimated monthly payment to creditor (disbursed by the trustee) |
|---|---|---|---|---|---|---|---|
| Synchrony/Ashley Furniture Homestore | $624.60 | Den and Nursery Furniture | $500.00 | $0.00 | $500.00 | 5.25% | $16.00 (or more) |

*Insert additional claims as needed.*

3.3   **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| Capital One Auto Finance | 2020 Toyota 4Runner 14,639 miles VIN: JTEBU5JR5L5774254 | $42,144.32 | 3.00% (contract rate) | $750.00 (or more) |

Disbursed by:
☑ Trustee
☐ Debtor

*Insert additional claims as needed.*

3.4   **Lien avoidance.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

3.5   **Surrender of collateral.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Debtor | **David Michael Allen** | Case number | |
| | **Julie Mckinney Allen** | | |

### Part 4:  Treatment of Fees and Priority Claims

**4.1  General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3  Attorney's fees.**

 a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

 b. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

 ☑ **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

  a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to **Child Support Recovery Unit/Iowa Department of Human Services on behalf of Milissa Mccombs (Black Hawk County Family Court)**, at the rate of **$69.00** or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

  b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to **Child Support Recovery Unit/Iowa Department of Human Services via wage withholding in the amount of $345.00 per month on behalf of Milissa Mccombs (Black Hawk County Family Court).**

  c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

| Debtor | David Michael Allen | Case number | |
|---|---|---|---|
| | Julie Mckinney Allen | | |

☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of Creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| John and Courtni Wicker | Residential Housing Lease Current/Assume $2,000/ Month Lease Ends: 7/30/2023 | $2,000.00 | $0.00 | $0.00 |

(or more)

Insert additional claims as needed.

## Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective

| Debtor | David Michael Allen | Case number | |
|---|---|---|---|
| | Julie Mckinney Allen | | |

only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions
☐ None. If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**8.1(a)** Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§ 542, 543, 544, 547 and 548. This reservation of rights shall continue until the later of six (6) months after confirmation of the plan or, if related to a claim, the filing of the claim or an amended claim.

**8.1(b) Domestic Support Claims**

The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to Child Support Recovery Unit/Iowa Department of Human Services via wage withholding in the amount of $345.00 per month on behalf of Milissa Mccombs (Black Hawk County Family Court).

## Part 9: Signatures:

**9.1** Signatures of debtor and debtor attorney

*The debtor and the attorney for the debtor, if any, must sign below.*

X /s/ David Michael Allen
David Michael Allen
Signature of Debtor 1
Executed on 3/17/2022

X /s/ Julie Mckinney Allen
Julie Mckinney Allen
Signature of Debtor 2
Executed on 3/18/2022

X /s/ Robert R. Meredith, Jr.
Robert R. Meredith, Jr., D.C. ID#06152
rrm@meredithlawfirm.com
Elizabeth R. Heilig, D.C. ID#10704
eheilig@meredithlawfirm.com
Meredith Law Firm, LLC
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000 (p)
843-529-9907 (f)

Date 3/18/2022

By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>David Michael Allen<br>Julie Mckinney Allen<br>5265 Lenora Dr.<br>Summerville, SC 29485<br>SSN xxx-xx-3003<br>SSN xxx-xx-9106<br>　　　　　DEBTORS. | CASE NO: 21-02998-jw<br><br>CHAPTER 13 |

### CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice of Plan Modification Before Confirmation, Amended Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**VIA US MAIL**
(see attached list)

**ELECTRONICALLY**

James M. Wyman, Esquire
Chapter 13 Trustee
PO Box 997
Mt. Pleasant, SC 29465-0997

Date: 3/18/22

Kristen E. Buck, Legal Assistant to
Robert R. Meredith, Jr., DC ID #06152
rm@meredithlawfirm.com
Elizabeth R. Heilig, DC ID #10704
eheilig@meredithlawfirm.com
Meredith Law Firm, LLC
Attorneys for Debtors
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000
843-529-9907 (f)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 21-02998-jw<br>District of South Carolina<br>Charleston<br>Fri Mar 18 13:56:13 EDT 2022 | AFS/AmeriFinancial Solutions, LLC.<br>Attn: Bankruptcy<br>Po Box 65018<br>Baltimore MD 21264-5018 | David Michael Allen<br>5265 Lenora Dr.<br>Summerville, SC 29485-8986 |
| Julie Mckinney Allen<br>5265 Lenora Dr.<br>Summerville, SC 29485-8986 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern PA 19355-0701 | (p)AMERICOLLECT INC<br>PO BOX 2080<br>MANITOWOC WI 54221-2080 |
| Amex<br>Correspondence/Bankruptcy<br>Po Box 981540<br>El Paso TX 79998-1540 | Bon Secours St. Francis Hospital<br>PO Box 650292<br>Dallas TX 75265-0292 | Capital One Auto Finance<br>Attn: Bankruptcy<br>Po Box 30285<br>Salt Lake City UT 84130-0285 |
| Capital One Auto Finance, a division of Capi<br>P.O. Box 4360<br>Houston, TX 77210-4360 | Capital One Auto Finance, a division of Capi<br>4515 N Santa Fe Ave. Dept. APS<br>Oklahoma City, OK 73118-7901 | Child Support Recovery Unit<br>501 Sycamore st., Ste 400<br>Waterloo, IA 50703-4651 |
| Credit Solutions, LLC<br>2277 Thunderstick Dr., Ste 400<br>Lexington KY 40505-4878 | Daniel R. Kelly, Esq.<br>220 South Sixth Street<br>Suite 2200<br>Minneapolis MN 55402-4504 | (p)H & R ACCOUNTS INC<br>5320 22ND AVENUE<br>MOLINE IL 61265-3627 |
| Elizabeth R. Heilig<br>Meredith Law Firm, LLC<br>4000 Faber Place Drive<br>Suite 120<br>North Charleston, SC 29405-8585 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia PA 19101-7346 | Iowa Department of Human Services<br>Collection Services Center<br>P.O. Box 9125<br>Des Moines IA 50306-9125 |
| Jeffrey J. Maleska, Esq.<br>220 South Sixth Street<br>Suite 2200<br>Minneapolis MN 55402-4504 | John and Courtni Wicker<br>2912 Mineral Springs<br>Schertz, TX 78108-3487 | Kannegiesser ETECH, Inc.<br>2090 SE Elm St.<br>Minneapolis MN 55414-2531 |
| MUSC Health<br>1 Poston Road Suite 350<br>Charleston SC 29407-3431 | Meredith Law Firm, LLC<br>4000 Faber Place Drive<br>Suite 120<br>North Charleston SC 29405-8585 | Milissa Mccombs<br>2931 50th Avenue SE<br>Rochester MN 55904-9039 |
| Perdue Brandon FielderCollins & Mott LLP<br>P.O. Box 817<br>Lubbock TX 79408-0817 | Pinnacle Credit Services, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Roper St. Francis Physicians<br>PO Box 650292<br>Dallas TX 75265-0292 |
| (p)SOUTH CAROLINA DEPARTMENT OF REVENUE<br>OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY SECTION<br>300A OUTLET POINTE BLVD<br>COLUMBIA SC 29210-5666 | South Carolina Sleep Medicine<br>92 Springview Lane<br>Summerville SC 29485-8153 | Synchrony/Ashley Furniture Homestore<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 |

| | | |
|---|---|---|
| Telecom Self-reported<br>Po Box 4500<br>Allen TX 75013-1311 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly Street<br>Suite 953<br>Columbia, SC 29201-2448 | USAA Federal Savings Bank<br>Attn: Bankruptcy<br>10750 Mcdermott Freeway<br>San Antonio TX 78288-1600 |
| Walker County JP3<br>2986a Sh19 S.<br>Huntsville TX 77320 | Wells Fargo Bank, N.A.<br>Wells Fargo Card Services<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 | Wells Fargo Bank, NA<br>PO Box 6995<br>Portland OR 97228-6995 |
| James M. Wyman<br>PO Box 997<br>Mount Pleasant, SC 29465-0997 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Americollect, Inc<br>1851 S. Alverno Rd.<br>Manitowoc WI 54221 | H&R Accounts<br>5320 22nd Avenue<br>Moline IL 61266 | SC Department of Revenue<br>PO Box 12265<br>Columbia SC 29211 |

End of Label Matrix
Mailable recipients    36
Bypassed recipients     0
Total                  36